UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
RAHEEM DAVIS,

                        Movant,

         -against-                              21-cv-8281 (LAK)
                                                               (05 cr 1157 (LAK))

UNITED STATES OF AMERICA,

                        Respondent.
------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge*.

      In January 2005, Davis and three others agreed to rob a marijuana dealer. Davis and two of his cohorts gained entrance to the dealer's apartment and robbed him of drugs and money. Apparently dissatisfied with the proceeds of the robbery, Davis then opened fire with an automatic weapon, killing the dealer, wounding the woman with whom the dealer was living, and permanently crippling her son. He was convicted by a jury of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 and of carrying a firearm during and in relation to a crime of violence and possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Davis was sentenced principally to concurrent terms of imprisonment of 20 years and life, both to run consecutively to a prior, unexpired term of imprisonment.

      Davis appealed his conviction to the Second Circuit. His appointed counsel argued principally that the evidence at trial had been insufficient to prove that the robbery had any effect on interstate commerce and therefore failed to satisfy the jurisdictional element of the Hobbs Act. He contended also that the Court of Appeals should reject its prior use of the *de minimis* standard for evaluating the effects of interstate commerce within the meaning of the Hobbs Act and instead adopt a "substantial effect" test under which, he contended, Davis' conviction should be set aside. Counsel also obtained leave of the Circuit for Davis to file a supplemental *pro se* brief, noting that Davis wished to argue also that (1) his indictment had been constructively amended, (2) trial counsel had been ineffective, (3) Davis' Speedy Trial Act rights had been violated, (4) the trial court engaged in judicial misconduct, (5) the prosecutor engaged in misconduct, and (6) Davis' sentence was illegal. Davis, so far as the Court of Appeals' docket sheet reveals, never filed such a brief, and his conviction was affirmed. *United States v. Davis*, No. 08–3604–cr, 2009 WL 1459543 (2d Cir. May 27, 2009). He subsequently has made several 2255 motions attacking his conviction. The matter

is before me again on the latest of those motions.

On January 19, 2023, this Court denied Davis' penultimate 2255 motion. Dkt 325.[1] No appeal was taken. In early March, the Court received a letter from Davis, dated February 24, 2023, in which he advised that he wished to "supplement [his] writ of habeas corpus." The Court pointed out that the previous 2255 motion already had been denied so there was "nothing to supplement," but issued a memorandum endorsement treating the February 24 letter as a new 2255 motion and transferring it to the Court of Appeals under *Liriano* as a successive motion. Dkt 328.

On October 3, 2023, the Court of Appeals transferred the February 24, 2023 letter back to this Court "for proper consideration" "[g]iven that [it] contains non-successive claims." Davis has not alleged, and the Court is not aware of, any "newly discovered evidence" or "new rule of constitutional law" that would make his current motion non-successive. *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244(b). Nonetheless, consistent with the Court of Appeals' mandate, the Court turns to consideration of Davis' new 2255 motion.

Davis claims that he did not receive a fair trial because (1) he was shackled at trial, (2) he "was not given the right to put on a case to the Jury. See, Trial Transcripts 1031: The court did not give [him] a right to call witnesses . . . that could of [*sic*] acquited [*sic*] [him]," and (3) the Court denied him the "right to go pro se and my behalf" [*sic*]. Dkt 328.

1.  Davis in fact was shackled at trial as explained in the Court's opinion at the time. Dkt 162. His attempt to engage in self representation was denied. He could have raised both issues on direct appeal but did not do so. *See Brief for Defendant-Appellant, United States v. Davis*, 328 F. App'x 701 (2d Cir. 2009) (No. 08-3604), 2008 WL 7072712; *see also Brief for Appellee, United States v. Davis*, 328 F. App'x 701 (2d Cir. 2009) (No. 08-3604), 2009 WL 3760727, at *3 ("Davis does not raise any issue relating to [Dkt 162] on appeal."). Accordingly, both are procedurally barred for reasons fully explained in my August 28, 2009 memorandum and order (Dkt 259) and my decision with respect to the shackling (Dkt 162), as Davis was not prejudiced by either.

2  Davis claims that he was deprived of "a right to call witnesses" in his defense, but it is unclear to the Court what witnesses Davis is referring to, and his citation to the record does not provide any further clarity. Dkt 328. Accordingly, his claim can be denied independently for its vagueness and lack of support. *See Bahadar v. United States*, 141 F.3d 1151 (2d Cir. 1998) (citing *United States v. Aiello*, 814 F.2d 109, 113-14 (2d Cir. 1987)).

It is possible that Davis refers to the fact that the Court precluded him from calling a "drug specialist" to testify to the question of whether marijuana is a narcotic. Dkt 199 (Trial Tr.) at 13:21-14:6, 191:2-192:16; Dkt 174 at 4. Again, Davis could have raised this issue on direct appeal but did not do so. *See Brief for Defendant-Appellant, United States v. Davis*, 328 F. App'x 701 (2d Cir. 2009) (No. 08-3604), 2008 WL 7072712; *Reply Brief for Defendant-Appellant, United States v. Davis*, 328 F. App'x 701 (2d Cir. 2009) (No. 08-3604), 2009 WL 3760726. The Court

---

[1] Unless otherwise indicated, Dkt references are to the docket in 05-cr-1157 (LAK).

explained in an order before trial why there was no need for a "drug specialist" to testify on the question of whether marijuana is a narcotic, Dkt 174 at 4, and the Court again rejected Davis' legal argument during trial in a published opinion, *United States v. Davis*, No. 05-CR-1157 (LAK), 2008 WL 2115205 (S.D.N.Y. May 13, 2008). Accordingly, to the extent Davis seeks reconsideration of his preclusion from calling an unnamed "drug specialist," his claim is procedurally barred for the reasons fully explained in my prior opinions and in my August 28, 2009 memorandum and order (Dkt 259).

It is possible also that Davis refers to the inability of his trial counsel to locate many of the witnesses he wished to call and his counsel's strategic decision not to call the few that he was able to locate. Dkt 200 (Trial Tr.) at 1005:6-1007:9. To the extent Davis raises this as an error of the Court, he could have argued the issue on direct appeal but did not do so, and is procedurally barred from raising it here for the reasons set forth in my August 28, 2009 memorandum and order. Dkt 259 at 5 (citing *Davis v. United States*, No. 09-CV-0636, Dkt 13 (Gov. Mem.) at 26-27). And to the extent Davis raises this as an ineffective assistance of counsel claim, he has provided no evidence that his counsel's actions were unreasonable or that he was prejudiced by them, and the Court correctly noted at trial that his counsel had "made a tactical decision" that was within "his province." Dkt 200 (Trial Tr.) at 1007:8-9. Thus, Davis' claim is without merit for the reasons set forth in my August 28, 2009 memorandum and order. Dkt 259 at 5 (citing *Davis*, No. 09-CV-0636, Dkt 13 (Gov. Mem.) at 6-9).

Accordingly, Davis' latest 2255 motion is denied in all respects. A certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. § 1915.

SO ORDERED.

Dated:     February 9, 2024

_____
Lewis A. Kaplan
United States District Judge